JOYCE-KOEBEL DIAMOND COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 30478, 42011.  Promulgated May 27, 1931.

*Hugh Satterlee, Esq.,* for the petitioner.
*John E. Marshall, Esq.,* for the respondent.

424

OPINION.

MATTHEWS: Section 240 (c) of the Revenue Act of 1921 provides:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

Section 240 (c) (2) of the Revenue Act of 1924 reads:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated  *  *  *  (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests.

The ownership or control of the stock of one corporation by another corporation is not involved herein. The issues for determination are whether, under the particular facts of this case, substantially all of the stock of the two companies was owned or controlled by the same interests in 1923 and whether at least 95 per cent of the voting stock of the two companies was owned by the same interests in 1924.

The petitioner contends that it was affiliated with and entitled to file consolidated returns with the Joyce-Koebel Company, Inc., for each of the taxable years 1923 and 1924, relying upon the claim that the " same interests " owned or controlled all of the stock of both companies.

The interests in both companies which petitioner contends are the same are designated by it as the " Koebel " interest and the " Joyce

and Fouldes" interest. The following table shows petitioner's grouping of the owners of the common stock of each company from January 23, 1923, through 1924 according to such interests:

| Interests | Old company | | New company | |
|---|---|---|---|---|
| | Shares | Per cent of total | Shares | Per cent of total |
| *Koebel* | | | | |
| F. E. Koebel | 160 | } 53.3 | 50 | } 60.0 |
| C. J. Koebel | | | 10 | |
| *Joyce and Fouldes* | | | | |
| G. A. Joyce | 70 | } | | } |
| W. M. Joyce | | | 40 | |
| J. Fouldes | 20 | } 46.7 | | } 40.0 |
| F. M. Fouldes | 25 | | | |
| K. M. Fouldes | 25 | } | | } |
| Total | 300 | 100.0 | 100 | 100.0 |

From January 1 to January 23, 1923, petitioner treats the percentages of the interests in the new company as:

     Koebel interest _____ 40 per cent
     Joyce and Fouldes interest _____ 60 per cent

In the brief filed in behalf of the petitioner it is stated that Joyce and Fouldes were partners in business in England and that the partners constituted one interest. This is the only reason given for treating the Joyce holdings and the Fouldes holdings as one interest. It is further claimed by petitioner that the two companies constituted a single enterprise, though operated through more than one corporation.

The respondent has denied affiliation for both 1923 and 1924 on the ground that the facts of the instant case do not bring it within the provisions of the statute permitting affiliation. It is pointed out by the respondent that after January 23, 1923, the only stockholder in the petitioner who owned stock in the Joyce-Koebel Company, Inc., was Frank E. Koebel, who owned 50 per cent of the stock of the petitioner and 53.3 per cent of the stock of the Joyce-Koebel Company, Inc. His brother, Charles J. Koebel, owned none of the stock of the old company, and the 10 shares of stock in the new company which stood in his name after January 23, 1923, were transferred to him on account of his services.

If it be conceded that the two Koebels constitute one interest so that they owned 53.3 per cent of the stock of the old company and 60 per cent of the stock of the petitioner, there would remain for determination the question whether the shares of stock owned by the Fouldes family and the stock of George A. Joyce, together with

that standing in the name of his daughter Winifred, were owned by one interest.

Reference to the findings of fact will show that Fouldes owned 20 shares, or 6⅔ per cent, and each of his two daughters owned 25 shares, or 8⅓ per cent, of the stock of the old company, and that none of the Fouldes family had any interest in the petitioner. During the taxable years Joyce owned 70 shares, or 23⅓ per cent of the old company. After January 23, 1923, Joyce was not the record owner of any of the stock of the petitioner, but his daughter, Winifred M. Joyce, owned 40 shares, or 40 per cent, of the petitioner.

The petitioner contends that the 40 shares of stock transferred to Winifred M. Joyce were in reality held by her for her father, George A. Joyce, and that the stock held by Fanny M. Fouldes and Kathleen M. Fouldes was actually held by them for their father, John Fouldes. There is no direct testimony or positive evidence in support of this position. No communication was ever had with the Misses Fouldes or with Winifred M. Joyce with respect to their stock and no proxies were executed by them.

If we agree with petitioner's contention that the daughters were merely nominal holders of the stock, we will have the Fouldes family owning 70 shares, or 23⅓ per cent of the stock of the old company and none of the stock of the petitioner, and the Joyce family owning 70 shares, or 23⅓ per cent of the stock of the old company and 40 shares, or 40 per cent of the stock of the petitioner. If, as petitioner contends, the holdings of the Joyce family and those of the Fouldes family might be treated as one interest, so that all the stock of both companies would be owned by the Koebel interest and this other interest (Joyce and Fouldes), the requirements of the statute would be met and affiliation would be allowable on the basis of the ownership of the stock by the " same interests."

We are not impressed with the view that because Joyce and Fouldes were partners in business in England they constitute the same interest. None of the Fouldes family owned stock in petitioner. Therefore the Fouldes had no interest in petitioner.

There is no question that Frank E. Koebel was in full control of the management of the affairs of both companies, but we believe this is not the control contemplated by the statute. A full discussion of the question of " control " of corporate stocks and what constitutes the " same interests," within the meaning of the taxing statute, is contained in *Continental Products Co.*, 20 B. T. A. 818, where we reviewed many of the court decisions on the subject and referred to our own prior decisions. The Court of Claims denied affiliation for 1917 in the case of the *Continental Products Co.* v. *United States*, 44 Fed. (2d) 257, the plaintiff being the same taxpayer as the peti-

tioner in the case last cited above, and the Supreme Court of the United States denied certiorari, 283 U. S. 828.

Both Joyce and Fouldes executed a power of attorney authorizing Koebel to act as his proxy in all matters relating to shareholdings in the Joyce-Koebel Company, Inc. In *Tunnel Railroad of St. Louis et al.*, 4 B. T. A. 596, we held that authorization to vote by proxy does not effect a separation of the voting power from the ownership of the stock; neither does it constitute a relinquishment by the stockholder of any of the rights of ownership or control. See also *Empire Safe Deposit Co.*, 19 B. T. A. 1137.

We are of the opinion that the 70 shares of stock of the old company owned by Fouldes and his two daughters, which holdings amount to 23⅓ per cent of the total shares, constitute an interest which can not be disregarded and that inasmuch as these stockholders had no interest in the petitioner it can not be said that substantially all the stock of the two companies was owned or controlled by the same interests in 1923. It follows that in 1924 there was no ownership by the same interests of at least 95 per cent of the voting stock of the two corporations.

We believe that the petitioner has failed to establish affiliation with the Joyce-Koebel Company, Inc., within the purview of the statute, and the action of the respondent in computing the petitioner's tax liability upon the basis of separate returns is sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

TRAMMELL dissents.